█ HENRY DENKER, Appellant, v. TWENTIETH CENTURY-FOX FILM CORPORATION et al., Respondents.— Order, Supreme Court, New York County, entered on October 17, 1972, and judgment dismissing complaint based thereon entered on December 12, 1972, unanimously reversed, on the law and in the exercise of discretion, the judgment vacated, the motion denied, the first cause of action reinstated on condition that plaintiff-appellant shall furnish an appropriate response to the pretrial order entered on February 28, 1972 within 20 days after service upon appellant by respondents of a copy of the order to be entered hereon, and the second cause of action reinstated, without costs and without disbursements. In this suit based upon an exclusive right to produce a motion picture based on plaintiff's book, it seems that the two pleaded causes of action may technically be made out without the slightest difficulty. As to the first cause, whatever may be the measure of damage to plaintiff, defendant corporation did not produce the film within the agreed time. This may entitle plaintiff to nominal damage or to a fortune depending on proof of actual damage, but at least a technical breach of contract appears to be made out. Plaintiff's response to the pretrial order was couched in generalities and surmises,

and defendant corporation is entitled to a fair answer which shall define the manner of proof. We find that, inasmuch as there does appear to be breach of contract, minimal or not, dismissal under the Civil Practice Law and Rules was too drastic a sanction to apply and plaintiff should be given a further opportunity to comply. As to the second cause, pleading breach of a separate contract respecting billing in advertising, no further response to the pretrial order is required for plaintiff admits that only one breach of that agreement is provable. But the pattern is the same: It is a breach, minimal or not, and plaintiff may proceed with whatever proof of damage he has. Again, the sanction imposed under CPLR 3126 is over severe. Concur — Markewich, J. P., Murphy, Lupiano and Tilzer, JJ.