Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about July 29, 2013, which denied plaintiff Mosaic Caribe, Ltd.’s motion for leave to file an amended complaint, unanimously affirmed, with costs.
Contrary to plaintiffs assertions, the court applied the cor *422 rect standard in reviewing its motion for leave to amend the complaint. The court correctly noted that if the proposed amendments are totally devoid of merit and legally insufficient, leave to amend should be denied (Heller v Louis Provenzano, Inc., 303 AD2d 20, 25 [1st Dept 2003]; see also MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]; Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]).
Regarding the fraud claim, the court correctly concluded that plaintiff failed to allege loss causation, namely, that the misrepresentation caused plaintiff to lose the deposit that it had paid to acquire the life insurance policy at issue (Laub v Faessel, 297 AD2d 28, 31 [1st Dept 2002]). Plaintiff alleged that it agreed to purchase the policy and pay the deposit based on the misrepresentation of proposed defendant Krasnerman, CEO of defendant AllSettled Group, Inc. (ASG), that one of his companies owned the policy; however, this merely shows that the alleged misrepresentation caused plaintiff to enter into the transaction (id.). It does not show that the misrepresentation actually caused plaintiff to lose its deposit (see Friedman v Anderson, 23 AD3d 163, 164 [1st Dept 2005]). Among other things, plaintiff fails to allege that it ever paid the balance of the $3 million purchase price for the policy after paying the initial $350,000 deposit, or that ASG, as the purchasing agent, was contractually obligated to acquire the life insurance policy absent plaintiffs payment of the full price. Thus, there are no allegations establishing that the alleged misrepresentation, as opposed to plaintiffs failure to pay for the life insurance policy, caused plaintiffs loss.
Furthermore, plaintiff failed to sufficiently allege justifiable reliance on that misrepresentation. Plaintiff, who agreed to purchase the policy at issue at least a year after the alleged misrepresentation, should have sought verification of ownership of the policy before agreeing to purchase it for $3 million. Plaintiff cannot credibly claim that it had no available means of verification, as such information would have been available from defendant or the proposed defendants had plaintiff requested it (Mountain Cr. Acquisition LLC v Intrawest U.S. Holdings, Inc., 96 AD3d 633, 634 [1st Dept 2012]; UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87, 88 [1st Dept 2001]; see also HSH Nordbank AG v UBS AG, 95 AD3d 185, 197-198, 198 n 9 [1st Dept 2012]).
In any case, the fraud claim was duplicative of the breach of contract claim. Among other things, apart from an unelaborated request for punitive damages in connection with the fraud claim, *423 the proposed amended complaint seeks the same damages as the breach of contract claim, specifically, return of the deposit plaintiff paid pursuant to the contract (see e.g. Mañas v VMS Assoc., LLC, 53 AD3d 451, 453-454 [1st Dept 2008]; Krantz v Chateau Stores of Canada, 256 AD2d 186, 187 [1st Dept 1998]).
The concerted action claim was also totally devoid of merit. As discussed above, Mosaic failed to allege that Krasnerman or ASG fraudulently induced Mosaic to transfer its deposit, and thus, that they acted tortiously or that either defendant committed a tortious act in pursuance of the agreement (Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295 [1992]). Furthermore, that ASG benefitted by receiving the deposit does not suffice to show that it had any understanding that any of the defendants would defraud Mosaic, or that it acted tortiously (see National Westminster Bank v Weksel, 124 AD2d 144, 147 [1st Dept 1987], lv denied 70 NY2d 604 [1987]).
The court properly concluded that there was no viable civil conspiracy, having concluded that there was no viable fraud claim that formed the overt act for the conspiracy.
The cause of action for breach of fiduciary duty was properly deemed duplicative of the breach of contract claim as it alleges the very same facts as the breach of contract claim (Leather v United States Trust Co. of N.Y., 279 AD2d 311, 312 [1st Dept 2001]; Perl v Smith Barney, 230 AD2d 664, 666 [1st Dept 1996], lv denied 89 NY2d 803 [1996]). Mosaic failed to allege that ASG had any duty to Mosaic apart from that set forth in the contract, and thus, that it had any independent fiduciary duty to acquire the life insurance policy at issue, or return Mosaic’s deposit.
The claim for money had and received, a quasi contract claim, seeks return of Mosaic’s deposit. The deposit was paid pursuant to the underlying contract. Absent a valid fraud claim calling into question the validity of the underlying contract, this claim may not be maintained (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 296 [1st Dept 2004]).
As the intentional tort claims are all devoid of merit, the court properly concluded that Mosaic failed to allege any conduct that was sufficiently egregious to warrant punitive damages arising from a breach of contract (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]; AXA Mediterranean Holding, S.P. v ING Ins. Intl., B.V., 106 AD3d 457, 457-458 [1st Dept 2013]).
Finally, based on the above, the court correctly concluded that it lacked jurisdiction over proposed defendants Krasnerman and ASG, who are undisputedly non-domiciliaries. Jurisdiction does *424 not lie over Krasnerman pursuant to New York’s long-arm statute because the complaint fails to sufficiently allege that he committed any tortious act, including making any fraudulent misrepresentation, in New York (CPLR 302 [a] [2]). Absent a valid conspiracy claim, no personal jurisdiction exists over ASG or Krasnerman based on such a conspiracy (see Lawati v Montague Morgan Slade Ltd., 102 AD3d 427, 428 [1st Dept 2013]).
Concur — Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.