██  Peter Guido, Appellant, v Dormitory Authority of the State of New York et al., Respondents-Appellants, and Sea Crest Construction Corp., Respondent/Third Third-Party Plaintiff-Respondent. Turner Construction Company, Third-Party Plaintiff-Appellant-Respondent, v Owen Steel Company, Inc., et al., Third-Party Defendants-Respondents-Appellants. Hillside Iron Works, Second Third-Party Plaintiff-Appellant, v P.I.I., LLC, Second Third-Party Defendant-Respondent/Third Third-Party Defendant-Respondent. Owen Steel Company, Inc., et al., Third Third-Party Defendants-Appellants. [43 NYS3d 350]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered February 10, 2015, which, to the extent appealed from as limited by the briefs, granted defendants', third-party defendant Hillside Iron Works', and second third-party defendant P.I.I., LLC's motions for summary judgment dismissing the complaint, granted third-party defendant Owen Steel Company, Inc.'s motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims as against it, denied plaintiff's motion to amend the complaint to add direct claims against Hillside and Owen, granted Hillside, Owen, defendant Turner Construction Company and defendant Sea Crest Construction Company's motions for summary judgment dismissing all counterclaims and cross claims against them, and denied Hillside's motion for summary judgment on its contractual indemnification claim against P.I.I. (PII), unanimously modi-

fied, on the law, to grant Hillside's motion for summary judgment against PII, and otherwise affirmed, without costs.

The work that plaintiff was engaged in when he was injured, i.e., retrieving ladders that his employer had used in its work at the site, was a construction-related activity covered by Labor Law §§ 240 (1) and 241 (6) (*see Alarcon v UCAN White Plains Hous. Dev. Fund Corp.*, 100 AD3d 431, 432 [1st Dept 2012]). However, it did not present an elevation-related risk contemplated by Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 407-408 [2005]; *Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711 [2d Dept 2007], *lv denied* 10 NY3d 701 [2008]). Moreover, in view of plaintiff's testimony that he did not notice the tilt of the truck onto which he was loading the ladders, any elevation differential resulting from the tilt was de minimis. Nor is Industrial Code (12 NYCRR) § 23-1.7 (e), which requires that passageways and working areas be kept free of accumulations of dirt and debris, a proper predicate for plaintiff's Labor Law § 241 (6) claim, since the area outside the gate to the loading dock where plaintiff parked his truck was not a passageway or working area (*see Johnson v 923 Fifth Ave. Condominium*, 102 AD3d 592 [1st Dept 2013]; *Dacchille v Metropolitan Life Ins. Co.*, 262 AD2d 149 [1st Dept 1999]; *Thomas v Goldman Sachs Headquarters, LLC*, 109 AD3d 421, 422 [1st Dept 2013]).

While issues of fact exist whether Turner or Sea Crest was responsible for clearing debris from the area where plaintiff parked his truck on debris that allegedly caused it to tilt, the record demonstrates as a matter of law that plaintiff was the sole proximate cause of his accident (*see Kerrigan v TDX Constr. Corp.*, 108 AD3d 468 [1st Dept 2013], *lv denied* 22 NY3d 862 [2014]). Although the first ladder that he loaded onto the rack atop the truck slid toward the end of the rack as he loaded it, after plaintiff had secured it with a bungee cord and loaded the second ladder, instead of taking another of the several bungee cords available to him, he unhooked the bungee cord securing the first ladder, intending to wrap it around both ladders, and the ladders slid into him and knocked him off the truck. In view of the foregoing, plaintiff's proposed amended complaint is devoid of merit (*see Mosaic Caribe, Ltd. v AllSettled Group, Inc.*, 117 AD3d 421 [1st Dept 2014]).

Hillside's subcontract with PII required PII to indemnify Hillside for damages and losses, including legal fees, arising from injury "resulting from" acts or omissions of PII and its employees in connection with the performance of PII's work pursuant to the subcontract. As plaintiff's accident occurred

during construction-related activity at the site while plaintiff was performing PII's work pursuant to the subcontract, Hillside is entitled to indemnification by PII. The subcontract does not require a showing of negligence on PII's part to trigger the indemnification obligation. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.