Reyes v BSP Realty Corp. (2019 NY Slip Op 02665)





Reyes v BSP Realty Corp.


2019 NY Slip Op 02665


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8948N 306541/10

[*1] Jose Reyes, et al., Plaintiffs-Appellants,
v
BSP Realty Corp., Defendant-Respondent.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellants.
Hertz, Cherson & Rosenthal, P.C, Forrest Hills (Jeffrey M. Steinitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about April 25, 2018, which, to the extent appealed from, denied plaintiffs' motion to amend the complaint to assert a claim for an equitable easement, unanimously affirmed, without costs.
While leave to amend should be freely granted under CPLR 3025(b), where the proposed amendment is devoid of merit, leave should be denied (see Heller v Louis Provenzano, Inc., 303 AD2d 20, 25 [1st Dept 2003]). An amendment is devoid of merit where the allegations are legally insufficient (see Mosaic Caribe, Ltd. v AllSettled Group, Inc., 117 AD3d 421, 422 [1st Dept 2014]).
Here, plaintiffs' proposed amendment to add a cause of action for an equitable easement could not be established as a matter of law. Plaintiffs' proposed amendment alleged facts in support of an affirmative easement to use and occupy the disputed parcel for their auto body repair shop. An equitable easement, however, applies to restrictive covenants or negative easements (see Nissen v McCafferty, 202 App Div 528, 533 [2d Dept 1922]). Rather, plaintiffs asserted allegations relating to an implied easement or easement by implication, for which the motion court permitted leave to amend (see Monte v DiMarco, 192 AD2d 1111, 1112 [4th Dept 1993], lv denied 82 NY2d 653 [1993]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK