Rudnitsky v Macy's Real Estate, LLC (2020 NY Slip Op 07325)





Rudnitsky v Macy's Real Estate, LLC


2020 NY Slip Op 07325


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 157417/12, 590084/13, 595166/14, 595888/16 Appeal No. 12570 Case No. 2019-5177 

[*1]Lee Rudnitsky et al., Plaintiffs-Respondents,
v
Macy's Real Estate, LLC, et al., Defendants-Respondents, Structure Tone, Inc., Defendant-Appellant-Respondent.
Macy's Corporate Services, Inc., Sued Herein as Macy's Real Estate, LLC, et al., Third-Party Plaintiffs-Respondents, Structure Tone, Inc., Third-Party Plaintiff-Appellant-Respondent,
v
Shorr Electrical Contracting, Inc., Third-Party Defendant-Respondent-Appellant.
Shorr Electrical Contracting, Inc., Fourth-Party Plaintiff-Respondent-Appellant,
v
Commodore Construction Corp., Fourth-Party Defendant-Respondent.
Macy's Corporate Services, Inc., Sued Herein as Macy's Real Estate, LLC, et al., Second Fourth-Party Plaintiffs-Respondents, Structure Tone, Inc., Second Fourth-Party Plaintiff-Appellant-Respondent,
v
Commodore Construction Corp., Second Fourth-Party Defendant-Respondent.


Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellant-respondent.
[*2]
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for respondent-appellant.
Sacks and Sacks LLP, New York (Scott N. Singer of counsel), for Lee Rudnitsky and Diane Rudnitsky, respondents.
Fabiani Cohen & Hall, LLP, New York (Todd A Paradeis of counsel), for Commodore Construction Corp., respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about June 11, 2019, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the Labor Law § 241(6) claim based on Industrial Code (12 NYCRR) § 23-1.7(e)(2), denied defendant Structure Tone, Inc.'s motion for summary judgment dismissing that claim, granted third-party defendant Shorr Electrical Contracting, Inc.'s motion for summary judgment dismissing Structure Tone's claim against it for attorneys' fees, granted fourth-party defendant Commodore Construction Corp.'s motion for summary judgment dismissing Structure Tone's and Shorr's common-law and contractual indemnification and contribution claims against it, denied Shorr's motion for summary judgment on its common-law indemnification claim against Commodore, and granted Structure Tone's motion for summary judgment on its claims against Shorr for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to deny plaintiff's motion, deny Commodore's motion, and deny Shorr's motion for summary judgment dismissing Structure Tone's claim against it for attorneys' fees, and otherwise affirmed, without costs.
Plaintiffs commenced this action seeking damages stemming from personal injuries allegedly sustained by Lee Rudnitsky (hereinafter, plaintiff) when he tripped over a two-by-four piece of lumber wrapped in orange construction netting at the top of a staircase he was approaching during the renovation of Macy's Herald Square department store. Plaintiff was employed by third-party defendant electrical subcontractor Shorr.
Plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim based on Industrial Code (12 NYCRR) § 23-1.7(e)(2) should be denied. This Industrial Code provision requires work areas to be kept free of debris and scattered tools and materials "insofar as may be consistent with the work being performed," and thus is not violated when the condition that caused the plaintiff to trip or slip was integral to the work being performed, such as the presence of materials placed in the work area intentionally (Krzyzanowski v City of New York, 179 AD3d 479, 480-481 [1st Dept 2020]; Savlas v City of New York, 167 AD3d 546 [1st Dept 2018]). The staircase that plaintiff was approaching was installed by the ironworkers, and there is testimony that it was not opened for use until days after plaintiff's accident. Plaintiff acknowledged that the staircase had not been completed at the time of his accident, that a barricade remained in place around three sides of the opening in the floor, and that an ironworker was working on the fourth side at the top of the stairs where the barricade had been removed. Under the circumstances, issues of fact exist as to whether the two-by-four over which plaintiff tripped was part of the barricade blocking the staircase opening in the floor and therefore integral to the work [*3]at the time of his accident, even if the barricade had been pulled back or removed from the front of the stairs where an iron worker was working.
Shorr's duty to indemnify Structure Tone pursuant to the Blanket Insurance/Indemnity Agreement incorporated into its subcontract "was triggered by the fact that the accident arose from plaintiff's performance of his work as an employee of" Shorr (Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020] [internal quotation marks and brackets omitted]; see Guido v Dormitory Auth. of the State of N.Y., 145 AD3d 591, 592-593 [1st Dept 2016]). Further, because Shorr's indemnification obligation under the agreement required it to indemnify Structure Tone for legal fees, Structure Tone's claim against Shorr for attorneys' fees should not be dismissed (see Flynn v 835 6th Ave. Master L.P., 107 AD3d 614, 615 [1st Dept 2013]). Contrary to Shorr's contention in support of dismissing Structure Tone's claim against it for breach of contract for failure to procure insurance, the certificate of insurance that Shorr submitted does not suffice to establish the existence of such insurance (Kermanshah Oriental Rugs, Inc. v Gollender, 47 AD3d 438, 440 [1st Dept 2008]).
Commodore contends that there is no evidence that the injury-producing hazard resulted from its work. However, there is testimony that Commodore was responsible for removing wooden barricades when workers were given access to the stairs. Thus, to the extent one side of the wood barricade was removed, causing the two-by-four to protrude, an issue of fact exists as to whether Commodore was negligent or whether the accident arose from its work or its acts or omissions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020