Palermo v 7 W. 21 LLC (2021 NY Slip Op 01726)





Palermo v 7 W. 21 LLC


2021 NY Slip Op 01726


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 154656/16 Appeal No. 13403 Case No. 2020-02283 

[*1]Frank Palermo, Plaintiff-Appellant,
v
7 West 21 LLC, et al., Defendants-Respondents.


Sackstein Sackstein & Lee, Garden City (Michael H. Zhu of counsel), for appellant.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Roksolana Krasovitskaya of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 7, 2020, which denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff's accident occurred while he was carrying a wood form used to mold concrete, measuring 3 feet by 3 feet wide and 8 feet by 12 feet long and weighing 175 to 200 pounds, with a coworker. Plaintiff and the coworker had just pried off the wood form from the wall. The co-worker asked plaintiff to stop for a moment so that he could place his end of the wood form down in order to clear some debris from his feet. Plaintiff stopped and rested his side of the wood form on top of vertical piping protruding about three to four feet out of the ground without incident. While plaintiff was not looking, and without warning, the coworker picked up his end of the wood form, which caused the wood form to fall off the piping striking plaintiff's left foot. Under these facts, plaintiff failed to establish prima facie that defendants violated Labor Law § 240(1). Although the work plaintiff was engaged in when he was injured was a construction-related activity covered by Labor Law § 240(1), factual issues exist as to whether at the time of the accident plaintiff was engaged in an elevation-related risk activity requiring that the wood form be secured (see Guido v Dormitory Auth. of the State of N.Y., 145 AD3d 591, 592 [1st Dept 2016]; Natoli v City of New York, 148 AD3d 489, 489 [1st Dept 2017]). Assuming securing the wood form was required, a factual issue also exists as to whether there was a safety device of the kind contemplated by Labor Law § 240(1) that could have prevented his accident (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]; see Myiow v City of New York, 143 AD3d 433, 436-437 [1st Dept 2016]; Aramburu v Midtown W. B, LLC, 126 AD3d 498, 499 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021