Cresser v 345 Park Ave., L.P. (2021 NY Slip Op 02340)





Cresser v 345 Park Ave., L.P.


2021 NY Slip Op 02340


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 110848/11 Appeal No. 13598 Case No. 2019-4652 

[*1]Christopher Cresser et al., Plaintiffs-Respondents,
v
345 Park Avenue, L.P., Defendant-Respondent, NFL Enterprises, LLC et al., Defendants-Appellants.
JT Magen & Co., Inc., Third-Party Plaintiff-Appellant,
v
Antovel Gelberg Painting & Wallpapering, Inc., Third-Party Defendant-Respondent.
NFL Enterprises, LLC et al., Second Third-Party Plaintiffs-Appellants,
v
William Erath & Son, Inc., et al., Second Third-Party Defendants-Respondents.


Barry, McTiernan & Wedinger, P.C., New York (Laurel A. Wedinger of counsel), for appellants.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 8, 2019, which, insofar as appealed from, denied the motion of defendant/third-party plaintiff/second third-party plaintiff JT Magen & Co., Inc. and defendant/second third-party plaintiff NFL Enterprises for summary judgment dismissing the Labor Law § 241(6) claim as against them predicated on Industrial Code § 23-1.7(e)(1) and the Labor Law § 200 claim as against JT Magen, and on their contractual indemnification claims against third-party defendant/second third-party defendant Antovel Gelberg Painting & Wallpapering, Inc. and second third-party defendant William Erath & Son, Inc., unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Because the raised floor over which plaintiff tripped was integral to the work, Industrial Code § 23-1.7(e)(1) is inapplicable (Krzyzanowski v City of New York, 179 AD3d 479, 480 [1st Dept 2020]). Accordingly, JT Magen and NFL Enterprises are entitled to summary judgment dismissing the Labor Law § 241(6) claim based on Industrial Code § 23-1.7(e)(1). Because JT Magen did not direct or control the work of Erath & Son, it is entitled to dismissal of the Labor Law § 200 claim as against it (Dalanna v City of New York, 308 AD2d 400 [1st Dept 2003]). Because plaintiff tripped over the raised floor installed by Erath & Son, the accident arose from its acts in connection with performance of the work, triggering its indemnification obligation under its subcontract with JT Magen (Keena v Gucci Shops, Inc., 300 AD2d 82 [1st Dept 2002]). Furthermore, since plaintiff was injured while at the site to perform work for Antovel Gelberg, the accident arose from its acts in connection with the performance of the work triggering its indemnification obligation under its subcontract with JT Magen
(Guido v Dormitory Auth. of State of N.Y., 145 AD3d 591, 592-593 [1st Dept 2016]; Alarcon v UCAN White Plains Hous. Dev. Fund Corp., 100 AD3d 431, 431-432 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021