Essential Home Remodeling, Inc. v Rossin (2025 NY Slip Op 01314)

Essential Home Remodeling, Inc. v Rossin

2025 NY Slip Op 01314

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 650871/23|Appeal No. 3866|Case No. 2023-06502|

[*1]Essential Home Remodeling, Inc., etc., Plaintiff-Appellant,
v
Rachel Rossin, Defendant-Respondent.

Pardalis & Nohavicka LLP, New York (Amedeo Calandriello of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York (Mark A. Laughlin of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered December 7, 2023, which denied plaintiff's motion to dismiss defendant's counterclaim for fraud, deceit, and misrepresentation (the fifth counterclaim), unanimously reversed, on the law, without costs, the motion granted, and the counterclaim dismissed.
Defendant's counterclaim for fraud, deceit, and misrepresentation was not pleaded with the particularity required under CPLR 3016(b), as it makes only general and conclusory allegations that plaintiff entered into a contract while lacking the intent to perform it (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 61 [1st Dept 2017]). Defendant alleges that plaintiff "falsely represented" that it would "competently" perform its services "within 12-15 working weeks." Defendant pleads no specific facts from which it may be reasonably inferred that plaintiff did not intend to abide by the specified timeline "at the time the promissory representation was made" (Cronos Group Ltd., 156 AD3d at 71; see Barlow v Skroupa, 221 AD3d 482, 483 [1st Dept 2023]).
The fraud counterclaim is also deficient because the same allegations underlie both the breach of contract and fraud causes of action (see Matter of Soames v 2LS Consulting Eng'g, D.P.C., 187 AD3d 490, 491 [1st Dept 2020]). The only fraud alleged is that plaintiff falsely represented that it would complete the renovations on the timeline set forth in the contract, and a breach of contract claim cannot be converted into one for fraud merely by alleging that defendant did not intend to fulfill the contract (see Non-Linear Trading Co. v Braddis Assoc., Inc., 243 AD2d 107, 118 [1st Dept 1998]; see also Cronos Group Ltd., 156 AD3d at 620). In addition, the fraud counterclaim seeks the same damages as the breach of contract claim, apart from an unelaborated request for punitive damages in connection with the fraud claim (see Mosaic Caribe, Ltd. v AllSettled Group, Inc., 117 AD3d 421, 422-423 [1st Dept 2014]; see also MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025