■ GEORGE BURKOSKI et al., Respondents, v STRUCTURE TONE, INC., et al., Appellants, et al., Defendants. STRUCTURE TONE, INC., Third-Party Plaintiff-Appellant, v ADCO ELECTRICAL CORP., Third-Party Defendant-Appellant, and ARI PRODUCTS, INC., Third-Party Defendant-Respondent. [836 NYS2d 130]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 22, 2005, which, to the extent appealed from as limited by the briefs, (1) denied the motion by defendant and third-party plaintiff Structure Tone, Inc. (STI) for summary judgment dismissing the complaint or, in the alternative, for summary judgment as to liability on STI's third-party claims

for contractual indemnification against third-party defendants Adco Electrical Corp. (Adco) and ARI Products, Inc. (ARI), (2) denied the cross motion by defendants Goldman Sachs & Co., The Goldman Sachs Group, Inc., CNA Financial Corporation, Continental Casualty Company, The Continental Insurance Company, and Boston Old Colony Insurance Company (collectively, Goldman) for summary judgment dismissing the complaint or, in the alternative, for summary judgment as to liability on Goldman's cross claims for indemnification against STI, Adco and ARI, and (3) denied Adco's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion and cross motions granted to the extent of rendering summary judgment dismissing the complaint. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

This personal injury action arises from an accident that occurred in the course of work on a renovation project at defendant Goldman's building. The construction manager for the project was defendant STI, which had subcontracted the electrical work to third-party defendant Adco and the floor installation work to third-party defendant ARI. At the same time Adco was doing the electrical work as STI's subcontractor, it was also laying voice and wire cable pursuant to a direct contract between itself and Goldman. Plaintiff George Burkoski worked on the project as an employee of Adco.[1]

At his deposition, plaintiff testified that he was injured in a room that measured approximately 18 feet by 20 feet, and had a raised, tiled floor that was partially installed at the time. Plaintiff testified that floor tiles had not yet been installed on the room's "outside perimeter on three sides," leaving the concrete supporting pedestals exposed in those areas. Plaintiff was unable to approximate the percentage of the floor that was finished when he was injured.

Plaintiff's accident occurred while he and his partner were carrying a cable trough (a casing several feet long) through the above-described room to the closet in which the trough was to be installed. Plaintiff was holding the back end of the trough, and his partner was holding the front end. The part of the floor they were walking on was tiled and finished. At his deposition, plaintiff testified that, at the time, there were people from other trades working in the room, and uninstalled tiles were stacked in a number of piles that were "spread along the floor." The

---

1. Unless otherwise indicated, references to the plaintiff in this action mean Mr. Burkoski.

tiles were square, two feet by two feet, and had a thickness of two inches.

Plaintiff testified at his deposition that, when his partner made an unexpected right turn, the trough pushed plaintiff to the left, whereupon his left leg came into contact with a pile of 24 floor tiles stacked one on top of the other. Plaintiff's left leg somehow became stuck on the pile, which, given the two-inch thickness of the tiles, would have been four feet high. As plaintiff, with his left leg stuck on the stack of tiles, held onto the trough that his partner was carrying forward, his right foot slid out from under him, causing him to end up in a "split" position on the tiled floor. Plaintiff alleges that he injured both his knees in this incident. At the time, he was 56 years old and weighed 325 pounds.

In their direct action against STI (the construction manager) and Goldman (the owner), plaintiffs (Mr. Burkoski and his wife, who sues derivatively) assert causes of action under Labor Law § 241 (6), § 200, and common-law negligence. STI commenced a third-party action for, inter alia, contractual and common-law indemnity against Adco (the electrical and cable contractor that employed plaintiff), and against ARI (the floor installation subcontractor). Goldman asserted cross claims for contractual and common-law indemnification against STI, Adco and ARI.

After discovery, STI moved for summary judgment dismissing the complaint or, in the alternative, for summary judgment as to liability on STI's third-party complaint seeking indemnification against Adco and ARI. Goldman cross-moved for summary judgment dismissing the complaint or, in the alternative, for summary judgment as to liability on its cross claims for indemnification against STI, Adco and ARI. Adco also cross-moved for summary judgment dismissing the complaint. Supreme Court denied all relief sought by the motion and cross motions except for dismissing plaintiffs' Labor Law § 200 and common-law negligence causes of action as against Goldman, on the ground that uncontroverted evidence established that Goldman did not exercise direction or control over how the contractors performed their work (a determination not challenged on appeal). STI, Goldman and Adco each appeals from the motion court's order to the extent aggrieved thereby.

We turn first to plaintiffs' cause of action against STI under common-law negligence and Labor Law § 200, the statute that codifies an owner's or general contractor's common-law duty to maintain a safe construction site. To prevail on such a claim against an owner or general contractor, a plaintiff must prove that the party so charged exercised direct supervisory control

over the manner in which the activity alleged to have caused the injury was performed (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *O'Sullivan v IDI Constr. Co., Inc.,* 28 AD3d 225, 226 [2006], *affd* 7 NY3d 805 [2006]). Further—as we recently held in *O'Sullivan,* which the Court of Appeals unanimously affirmed—evidence that a general contractor "may have had overall responsibility for the safety of the work done by the subcontractors . . . [is] insufficient to raise a question of fact as to [the] negligence" of the general contractor itself (*id.,* citing *Singh v Black Diamonds LLC,* 24 AD3d 138, 140 [2005] [dismissing Labor Law § 200 and common-law negligence claims against general contractor, even though its project superintendent "conducted regular walk-throughs and, if he observed an unsafe condition, had the authority to find whoever was responsible for the condition and have them correct it or, if necessary, stop the work"] and *Torres v Morse Diesel Intl., Inc.,* 14 AD3d 401, 403 [2005] [general contractor's "contractual duties to supervise and enforce general safety standards at the work site did not create an issue of fact as to its negligence"]).

In this case, uncontroverted evidence establishes that STI did not exercise the degree of control over the operations of its subcontractors required to predicate liability for common-law negligence or for a violation of Labor Law § 200. Specifically, plaintiff and a representative of Adco both testified that STI personnel did not tell Adco or its employees how to perform Adco's work, and a representative of STI testified that STI does not supervise its subcontractors' work and does not tell them "exactly what to do." Plaintiffs identify no evidence to the contrary. Further, the evidence that STI monitored safety at the work site—as did the general contractors in *O'Sullivan, Singh* and *Torres*—does not raise an issue as to whether STI's own negligence contributed to plaintiff's accident. Even evidence that STI may have been aware of the specific condition that allegedly caused the accident would not render STI liable for common-law negligence or under Labor Law § 200 (*see Singh,* 24 AD3d at 140 [general contractor could not be held liable for common-law negligence or under Labor Law § 200 even though its project superintendent had "discussed covering the subject hole in the roof," through which plaintiff later fell, and "had inspected the plywood in question after it had been nailed down over the hole"]). While the conditions that allegedly caused the accident may have been created by the negligence of third-party defendant ARI, the flooring subcontractor, neither the common law nor Labor Law § 200 makes STI, as general contractor, vicariously liable for the negligence of its subcontractors. Accordingly, STI's summary judgment motion should have been

granted insofar as it sought dismissal of the cause of action for negligence and violation of Labor Law § 200.

Supreme Court also erred in declining to grant both STI and Goldman summary judgment dismissing plaintiffs' cause of action under Labor Law § 241 (6). A cause of action under this statute must be based on an alleged violation of a provision of the Industrial Code that sets forth a specific safety standard (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Here, contrary to the motion court's view, the record contains no evidence of a violation of any of the three Industrial Code provisions on which plaintiffs rely.

Two of the Industrial Code (IC) provisions on which plaintiffs base their claim under Labor Law § 241 (6) apply, by their terms, only to conditions in "passageways" (IC [12 NYCRR] § 23-1.7 [e] [1])[2] or in "passageway[s], walkway[s], stairway[s] or other thoroughfare[s]" (IC [12 NYCRR] § 23-2.1 [a] [1]).[3] These provisions do not apply to the site of plaintiff's accident, as plaintiff testified at his deposition that he was injured while walking across a room that measured 18 feet by 20 feet (*see O'Sullivan*, 28 AD3d at 225-226 [no violation of IC § 23-1.7 (e) (1) where "plaintiff was injured in an open work space, not a passageway"]; *Militello v 45 W. 36th St. Realty Corp.*, 15 AD3d 158, 158, 159-160 [2005] [no violation of IC § 23-1.7 (e) (1) or IC § 23-2.1 (a) (1) where plaintiff was injured while working in a room, "not a passageway"]; *Dalanna v City of New York*, 308 AD2d 400, 400, 401 [2003] [no violation of IC § 23-1.7 (e) (1) where plaintiff "tripped over a protruding bolt while carrying a pipe across an outdoor 50-foot-long concrete slab," which, "although regularly traversed to bring pipes to the tanks" for installation, was not a "passageway"]).

As previously noted, plaintiff testified at his deposition that, at the time of his accident, floor tiles had not yet been installed only on the room's "outside perimeter on three sides." He also testified that an unspecified number of piles of stacked tiles were "spread along the floor," and that workers from other trades were also active in the room at the time of the accident. In addition, plaintiff testified that when he fell into the "split" position, with his feet spread far apart, he was still on the finished floor. In his opposition affidavit, however, plaintiff

---

**2.** IC § 23-1.7 (e) (1) provides in pertinent part that *"[a]ll passageways* shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping" (emphasis added).

**3.** IC § 23-2.1 (a) (1) provides in pertinent part that "[m]aterial piles shall be . . . so located that they do not obstruct *any passageway, walkway, stairway or other thoroughfare*" (emphasis added).

states that there was an "elevated pathway" of installed floor tiles leading from the room's entrance to the back, with the remainder of the floor space being untraversable "pedestals without the tiles installed." Plaintiff's affidavit thus appears to be tailored to suggest that he was walking on a narrow "passageway" of laid tile, and so to bring his claim within the scope of IC § 23-1.7 (e) (1) and § 23-2.1 (a) (1). Even if plaintiff's affidavit could otherwise somehow be deemed to raise an issue as to the applicability of these provisions (a question we do not address), no such issue is raised here, since the affidavit's version of the accident's setting is materially inconsistent with plaintiff's deposition testimony, which gave no hint that there was only a narrow pathway of laid tiles on which the room could be traversed. As this Court has held many times, "[a] party's affidavit that contradicts [his or] her prior sworn testimony creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (*Harty v Lenci*, 294 AD2d 296, 298 [2002], citing *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000], and *Kistoo v City of New York*, 195 AD2d 403, 404 [1993]; *see also Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327, 327-328 [2006]).

The third provision of the Industrial Code on which plaintiffs seek to predicate their Labor Law § 241 (6) claim is IC § 23-1.7 (e) (2), which, in pertinent part, provides that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free . . . from scattered . . . materials . . . insofar as may be consistent with the work being performed." The present record is also bereft of evidence of any violation of this provision. The object involved in plaintiff's accident was a four-foot-high stack of tiles of the kind that were then in the process of being installed on the floor of the room where the incident occurred. Since the flooring contractor obviously had to bring substantial quantities of tile into the room before installing them, the subject pile was "consistent with" the work being done in the room and therefore was not "scattered" within the meaning of IC § 23-1.7 (e) (2) (*see Kinirons v Teachers Ins. & Annuity Assn. of Am.*, 34 AD3d 237, 238 [2006], citing *Schroth v New York State Thruway Auth.*, 300 AD2d 1044 [2002]). While the room may also have contained "additional tiles scattered all over the area" (as stated in plaintiff's opposition affidavit), only the four-foot-high pile of neatly stacked tiles played a role in plaintiff's accident.

Finally, STI and Goldman each requested summary judgment on its indemnification claims in the alternative, to be granted only in the event the court denied the relief that was sought in

the first instance, namely, summary judgment dismissing the complaint. Since we are now reversing the motion court's order and granting STI and Goldman the primary relief they sought, we need not address their appeals insofar as they are addressed to the denial of the alternative relief. Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.