Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 31, 2012, which, insofar as appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing plaintiffs Labor Law § 241 (6) claim, modified, on the law, to deny the motion to the extent the Labor Law § 241 (6) claim is based on Industrial Code (12 NYCRR) § 23-1.7 (e) (1), and otherwise affirmed, without costs.
The motion court erred when it dismissed plaintiffs Labor Law § 241 (6) claim to the extent it is based on Industrial Code (12 NYCRR) § 23-1.7 (e) (1), which states that “[a]ll passageways shall be kept free from . . . conditions which could cause tripping.” While plaintiffs testimony suggests that he tripped on overlapping Masonite placed five or six feet away from a doorway, his testimony also establishes that his foot then slid into a gap in the floor approximately 8 to 10 inches wide and 12 to 18 inches deep directly in front of the doorway. He then fell into a glass wall. Further, a field supervisor testified that plywood should have been used to cover the gap on the floor since Masonite was not strong enough to provide adequate support. Given that the gap in the floor was directly in front of the doorway, plaintiff raised an issue of fact as to whether the proximate cause of his injury was a tripping hazard within a *422 passageway (see Jara v New York Racing Assn., Inc., 85 AD3d 1121 [2d Dept 2011]; Kerins v Vassar Coll., 293 AD2d 514 [2d Dept 2002]).
Plaintiff s Labor Law § 241 (6) claim based on Industrial Code (12 NYCRR) § 23-1.7 (e) (2) was properly dismissed as inapplicable. Section 23-1.7 (e) (2) states, “The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials.” Regardless of whether plaintiff was using Masonite for his work when the accident occurred, the protective covering had been purposefully installed on the floor as an integral part of the renovation project. As such, it cannot be construed as accumulated debris or scattered materials (see Johnson v 923 Fifth Ave. Condominium, 102 AD3d 592 [1st Dept 2013]; Rajkumar v Budd Contr. Corp., 77 AD3d 595 [1st Dept 2010]). Concur — Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.
Friedman, J.E, concurs in a separate memorandum as follows: I respectfully disagree with the majority to the extent it finds an issue as to whether plaintiffs mishap occurred within the doorway to the outside terrace. Nonetheless, I concur in the modification of the order appealed from to reinstate the claim under Labor Law § 241 (6) insofar as it is based on 12 NYCRR 23-1.7 (e) (1) on the ground that defendants failed to carry their burden of affirmatively establishing a prima facie case that plaintiff, when he tripped, was not walking within a passageway within the purview of the latter provision. While I believe, to reiterate, that the record establishes that plaintiff did not trip within the aforementioned doorway, the configuration of the space within which the accident did occur cannot be determined as a matter of law from plaintiffs deposition testimony or from any other evidence in the existing record. Accordingly, defendants were not entitled to summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on 12 NYCRR 23-1.7 (e) (1).
I agree that defendants are entitled to summary judgment dismissing the claim under Labor Law § 241 (6) insofar as it is based on 12 NYCRR 23-1.7 (e) (2). [Prior Case History: 2012 NY Slip Op 31456(11).]