SURINDER SINGH et al., Appellants, v 1221 AVENUE HOLDINGS, LLC, et al., Respondents, and RAISED COMPUTER FLOORS, INC., Appellant. L&K PARTNERS, INC., et al., Third-Party Plaintiffs-Respondents, v CAMPBELL AND DAWES, LTD., Third-Party Defendant-Respondent, and RAISED COMPUTER FLOORS, INC., Third-Party Defendant-Appellant. [8 NYS3d 129]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about February 10, 2014, which, insofar as appealed from as limited by the briefs, granted the motions of defendants 1221 Avenue Holdings, LLC, Morgan Stanley & Co., Inc. and L&K Partners, Inc. for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them, granted all defendants' motions for summary judgment dismissing the Labor Law § 241 (6) claim predicated upon Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2), and denied the motion of defendant Raised Computer Floors, Inc. (RCF) for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, unanimously modified, on the law, to the extent of reinstating plaintiff's Labor Law § 241 (6) claim based upon 12 NYCRR 23-1.7 (e) (1), and dismissing the Labor Law § 200 and common-law negligence claims as against RCF, and otherwise affirmed, without costs.

Plaintiff's Labor Law § 241 (6) claim predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) was properly dismissed since the screw over which plaintiff tripped was an integral part of the raised tile floor system and other work performed on the renovation project (*see Zieris v City of New York*, 93 AD3d 479 [1st Dept 2012]). Although the court properly found that plaintiff raised a triable issue as to whether his accident occurred in a "passageway" or an open area, it

erred in dismissing the section 23-1.7 (e) (1) claim on the ground that the screw constituted an integral part of the work being performed. Dismissal on such ground is warranted only to claims under section 23-1.7 (e) (2) (*see e.g. Thomas v Goldman Sachs Headquarters, LLC*, 109 AD3d 421 [1st Dept 2013]).

The motion court properly dismissed plaintiff's Labor Law § 200 and common-law negligence claims as against Morgan Stanley, 1221 Avenue Holdings, and L&K Partners. Contrary to plaintiff's contention, the screw, which protruded about one inch above the floor tile, was not the result of an inherently dangerous condition at the work site, but rather, was due to the means and methods of the contracted work (*see Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003]). Thus, the determination to be made is whether defendants exercised supervision and control over plaintiff's work (*see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]), and here, there was a lack of evidence that these defendants exercised such supervision and control. Plaintiffs' argument that defendants had the authority to stop the work and regularly inspected the job site, is unavailing. Regular inspection of the site to ensure that work is progressing according to schedule or the authority to stop any work perceived to be unsafe constitutes a general level of supervision that is not sufficient to warrant holding defendants liable under Labor Law § 200 (*see id.*; *Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 381 [1st Dept 2007]).

Dismissal of the Labor Law § 200 and common-law negligence claims as against RCF is also warranted since there was no evidence that this defendant supervised, directed or controlled the work plaintiff was performing at the time of the accident. Plaintiff testified that he received all of his instructions from his own employer's foreman, and that no personnel from any of the other defendants directed or supervised him in the performance of his duties. It is unknown which subcontractor failed to properly screw the floor tile down, and there was no evidence that RCF was responsible for ensuring that tiles were properly screwed down after they had been opened by another subcontractor performing electrical or plumbing work.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.