Krzyzanowski v City of New York (2020 NY Slip Op 00232)





Krzyzanowski v City of New York


2020 NY Slip Op 00232


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


157165/16 10745A 10745

[*1] Marek Krzyzanowski, Plaintiff-Respondent,
v
City of New York, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ian Marc Herman of counsel), for appellants.
Platta Law Firm, PLLC, New York (Laurence D. Rogers of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 17, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim based upon a violation of Industrial Code (12 NYCRR) § 23-1.7(e)(1), and granted plaintiff's motion for partial summary judgment on that claim, unanimously modified, on the law, to deny plaintiff's motion for summary judgment, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 29, 2019, which in effect granted defendants' motion to reargue and, upon reargument, adhered to the prior determination, unanimously dismissed, without costs, as academic.
Plaintiff worked as a painter for a nonparty subcontractor on a renovation project owned by defendant City. Defendant STV Construction Inc. (STV) was the construction manager for the project. Plaintiff claims to have been injured when, as he was walking down a hallway between rooms that he was assigned to paint, he tripped on wooden boards that were laying on the floor. He described the boards as being loose, overlapping and unsecured. Plaintiff testified that as a coworker stepped on a board, it sprang up, and plaintiff caught his foot beneath it, causing him to trip. Plaintiff claims that the boards were a tripping hazard and a violation of Industrial Code § 23-1.7 (e)(1) because defendants failed to provide him with a passageway free of obstructions. Defendants argue, however, that there is no liability because the boards were Masonite, not scattered materials or debris, and because they were purposefully laid out upon the floor each day, this being "integral to" the renovation work being performed.
At the outset, these arguments require us to address whether the "integral-to-the work" defense raised by defendants, but rejected by Supreme Court, equally applies to Industrial Code § 23-1.7(e)(1), as well as § 23-1.7(e)(2). We hold that it does. To the extent that our decision in Singh v 1221 Holdings, LLC (127 AD3d 607 [1st Dept 2015]), states otherwise, it directly conflicts with the Court of Appeals' holding in O'Sullivan v IDI Constr. Co., Inc. (7 NY3d 805, 806 [2006], affg 28 AD3d 225 [1st Dept 2006]), and we decline to follow Singh. As more recently stated by this Court, "[T]he integral part of work defense' applies to 12 NYCRR 23-1.7(e)(1)" (Conlon v The Carnegie Hall Socy., Inc., 159 AD3d 655 [1st Dept 2018]). Thus Conlon, not Singh, is in line with the Court of Appeals' view of how and when this defense may be applied. Accordingly, as a general rule, where Masonite is "an integral part of the construction," a Labor Law § 241(6) claim whether predicated on an alleged violation of Industrial Code 12 NYCRR § 23-1.7(e)(1), or (e) (2), should be dismissed (Conlon, supra.).
Notwithstanding the availability of this defense, defendants have not established their entitlement to summary judgment. Although STV's project manager and plaintiff each testified that the boards were lifted and replaced each day, plaintiff stated he did not know why they had been placed and the project manager stated they might have been placed as a protective floor [*2]covering. The project manager also testified, however, that there was no renovation work being done in November 2015, when plaintiff's accident occurred. The deposition testimony of plaintiff and STV's project manager only established that the boards (possibly Masonite), were removed and replaced each day, but not why they were placed or what condition they were in. This testimony is insufficient to establish as a matter of law that the boards were a protective floor covering integral to the work being done.
These facts, however, are at least sufficient to raise a triable issue of fact regarding whether the boards were a "protective covering [that] had been purposefully installed on the floor as an integral part of the renovation project" (Thomas v Goldman Sachs Headquarters, LLC, 109 AD3d 421, 421-422 [1st Dept 2013]; see also Savlas v City of New York, 167 AD3d 546, 547 [1st Dept 2018]). Consequently, plaintiff's motion for summary judgment should be denied. In addition, summary judgment in favor of plaintiff was improper because it was based on the mistaken supposition that the "integral-to-work" defense means integral to plaintiff's specific task. The defense applies to things and conditions that are an integral part of the construction, not just to the specific task a plaintiff may be performing at the time of the accident (O'Sullivan, 7 NY3d at 805). Plaintiff failed to establish that the boards were accumulated debris or scattered materials and not protective
covering purposely placed on the floor, while there was ongoing construction (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK