Murphy v Schimenti Constr. Co., LLC (2022 NY Slip Op 02761)

Murphy v Schimenti Constr. Co., LLC

2022 NY Slip Op 02761

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 160723/16, 595851/17 Appeal No. 15803 Case No. 2021-01631 

[*1]Karl Murphy, Plaintiff-Respondent,
v
Schimenti Construction Company, LLC, et al., Defendants-Respondents, Kohlberg Kravis Roberts & Co. L.P., Defendant.
Schimenti Construction Company, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Dame Contracting Inc., Third-Party Defendant-Appellant. And a Second Third-Party Action

Russo & Gould, LLP, New York (Alan S. Russo of counsel), for appellant.
Michael H. Zhu, PC., New York (Michael H. Zhu of counsel), for Karl Murphy, respondent.
Law Offices of James J. Toomey, New York (Evy Kazansky of counsel), for Schimenti Construction Company, LLC, and KRE Broadway Owner, LLC, respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about March 31, 2021, which denied third-party defendant's (Dame) motion for leave to file a late motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims and the third-party complaint, unanimously modified, on the law, to grant the motion as to the § 240(1) claim and as to the § 241(6) claim except to the extent predicated upon Industrial Code (12 NYCRR) § 23-1.7(e)(2), and otherwise affirmed, without costs.
Dame failed to show good cause for leave to make an untimely motion for summary judgment (see CPLR 3212[a]). It contends that, in Krzyzanowski v City of New York (179 AD3d 479 [1st Dept 2020]), this Court made new law by holding that, as a matter of law, the use of Masonite as floor protection which rendered it an integral part of the work was not actionable under Labor Law § 241(6), whether predicated on 12 NYCRR 23-1.7(e)(1) or (2). However, as the motion court observed, this is not new. It is true that in Krzyzanowski, we expressly declined to follow a 2015 case in which we had stated that the integral-part-of-the-work defense was applicable only to claims brought under 12 NYCRR 23-1.7(e)(2) (see Singh v 1221 Ave. Holdings, LLC, 127 AD3d 607 [1st Dept 2015]). However, in doing so, we stated that Singh directly conflicted with the 2006 holding of the Court of Appeals in O'Sullivan v IDI Constr. Co., Inc. (7 NY3d 805 [2006], affg 28 AD3d 225 [1st Dept 2006]), and pointed out that more recently, in Conlon v Carnegie Hall Socy., Inc. (159 AD3d 655 [1st Dept 2018]), we had stated that the defense applied to 12 NYCRR 23-1.7(e)(1). We note that the Conlon decision was issued before the note of issue was filed in this action.
As plaintiff did not oppose Dame's motion to dismiss the Labor Law § 241(6) claim predicated on Industrial Code provisions other than 12 NYCRR 23-1.7(e)(1) and
offered no opposition on appeal to Dame's argument for dismissal of the Labor Law § 240(1) claim, we deem these claims abandoned.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022