Siegel v Delta Airlines, Inc. (2024 NY Slip Op 02678)

Siegel v Delta Airlines, Inc.

2024 NY Slip Op 02678

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 161354/15 Appeal No. 2267 Case No. 2023-05388 

[*1]Lawrence Siegel, Plaintiff,
v
Delta Airlines, Inc., et al., Defendants-Respondents, .R.H. Construction Corp., Defendant-Appellant, Parsons Transportation Group, Inc., Defendant.

The Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellant.
Law Office of Nicole E. Lesperance, Elmsford (Peter D. Cantone of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about August 3, 2023, which, to the extent appealed from as limited by the briefs, denied defendant V.R.H. Construction Corp.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant the motion as to the common-law negligence and Labor Law §§ 200 and 241(6) claims, and otherwise affirmed, without costs.
The court correctly denied VRH's motion as to the Labor Law § 240(1) claim. The evidence submitted by VRH raised issues of fact about whether it was a statutory agent that possesed supervisory control over plaintiff's work (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 583 [1st Dept 2021]). VRH's superintendent described VRH as both a construction manager and a general contractor on the project. Moreover, he testified that VRH was responsible for supervising and directing the work, retained subcontractors including plaintiff's employer, and was solely responsible for all construction means, methods, sequences, and procedures and for coordinating all portions of the work. VRH was also contractually responsible for all of its subcontractors.
The court should have granted VRH's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against VRH, since it did not actually exercise supervision or control over the means or methods of plaintiff's injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]). The ladder plaintiff used was supplied by his employer, and he received his instructions only from his employer and never dealt with VRH in any way (see Singh v 1221 Ave. Holdings, LLC, 127 AD3d 607, 608 [1st Dept 2015]).
Plaintiff has expressly abandoned his Labor Law § 241(6) claim (see e.g. Linares v Massachusetts Mutual Life Ins. Co., 225 AD3d 520, 521 [1st Dept 2024]). Accordingly, the claim should be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024