**Yaucan v Times Sq. Hotel Owner, LLC**

2025 NY Slip Op 31534(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 156271/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**  **HON. ARLENE P. BLUTH**                **PART**                    **14**

*Justice*

------------------------------------------------------------------------------X

FREDY YAUCAN,

|  |  |  |
|---|---|---|
| | **INDEX NO.** | 156271/2020 |

Plaintiff,

|  |  |  |
|---|---|---|
| | **MOTION DATE** | N/A |

- v -

|  |  |  |
|---|---|---|
| | **MOTION SEQ. NO.** | 003 |

TIMES SQUARE HOTEL OWNER, LLC, TIMES SQUARE
HOTEL LP, TIMES SQUARE HOTEL REALTY
CORPORATION, PAVARINI MCGOVERN, LLC, SAFWAY
ATLANTIC, LLC

**DECISION + ORDER ON
MOTION**

Defendants.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Defendants' motion for summary judgment is granted in part and denied in part.

**Background**

In this Labor Law action, plaintiff contends that he tripped and fell over a metal plank

located on a ramp. He was working for non-party Breeze Demolition Corp. ("Breeze") at a

construction site in Manhattan in February 2020 when the accident occurred.  Plaintiff testified

that he had a variety of tasks at the site, including acting as a fire watch, cleaning and removing

debris (NYSCEF Doc. No. 65 at 61). On the day of his accident, plaintiff walked up a ramp to

access a hoist in order to get to the floor he was working on that day (*id*. at 78). Plaintiff insisted

that the ramp was actually level with the hoist and that it was wet (*id*. at 79). After working for a

few hours, plaintiff stopped to take a lunch break (*id*.). Plaintiff testified that "We were waiting

for the hoist to go to the 7th floor. When we get out from the hoist, I was ---we were walking

[* 1]

through the ramp, I was the last one. I trip, and half of my body ended up up [sic] the ramp, and the other half on the floor with my hand stretched (*id*. at 83).

When asked what he tripped over, plaintiff observed that "When I looked back, I saw there was some metal there" (*id*. at 89). "It was a metal plank, plank, it was 2.5 feet wide and 4 feet long. It was on top of the ramp" (*id*. at 90). "From the floor to the roof, there was like two inches of height, and that is where they put that metal" (*id*.). The ramp itself was made of wood (*id*.).

Defendants move for summary judgment on plaintiff's causes of action based on Labor Law §§ 241(6) and 200. They contend that the metal plank on which plaintiff tripped was purposefully installed there to allow material the be rolled up and down the hoist ramp. Defendants contend that the metal was placed over a two-inch gap between the end of the ramp and the surface of the 7th floor, which renders it integral to the work done at the job site. They detail how each of the Industrial Code sections cited by plaintiff in support of his Labor Law § 241(6) claim are inapplicable and that because they did not supervise plaintiff, his Labor Law § 200 claim should be dismissed.

In opposition, plaintiff contends that defendant Pavarini McGovern, LLC ("Pavarini") was the general contractor on the site and that this entity was responsible for overseeing the means and methods of work done at the project. He claims that Pavarini was responsible for supervising the demolition work done by plaintiff's employer Breeze and that Pavarini had the authority to stop unsafe work practices.

Plaintiff emphasizes that the ramp was a hazard and was not integral to plaintiff's use of the ramp to travel between floors. He questions why a ramp was not built without a gap that required the installation of such a metal plank.

**156271/2020   YAUCAN, FREDY vs. TIMES SQUARE HOTEL OWNER, LLC**
**Motion No.  003**

**Page 2 of 7**

2 of 7

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6) . . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Defendants move for summary judgment on this cause of action and highlight that plaintiff identified the following Industrial Code sections in his bill of particulars: 23-1.5, 23-1.7(b), (d), (e) and (f), 23-1.30, 23-1.32, 23-1.33, 23-2.1 and 23-5.1(h).

Plaintiff's opposition focuses only on 23-1.7(e)(1) and (2). Therefore, the motion is granted with respect to the remaining Industrial Code sections cited in his bill of particulars.

The two Industrial Code sections at issue provide that:

"(e) Tripping and other hazards.

(1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

**156271/2020   YAUCAN, FREDY vs. TIMES SQUARE HOTEL OWNER, LLC**
**Motion No.  003**

**Page 3 of 7**

3 of 7

(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

Defendants contend that section (1) is inapplicable because the metal plank was an integral part of the passageway. Where an obstruction is "an integral part of the construction," a Labor Law plaintiff cannot seek recovery under these Industrial Code sections (*O'Sullivan v IDI Const. Co., Inc.*, 7 NY3d 805, 806, 822 NYS2d 745 [2006]). The Appellate Division, First Department has expressly held that the "integral-to-the work" defense applies to Industrial Code sections 23-1.7(e)(1) and (2) (*Krzyzanowski v City of New York*, 179 AD3d 479, 480, 118 NYS3d 10 [1st Dept 2020]).

However, the Court of Appeals recently held that "The doctrine thus recognizes that certain work assignments are, by their nature, dangerous but still permissible, and the particular commands of the Industrial Code may not apply if they would make it impossible to conduct the work. Thus, in *Salazar* it was inherent to the job of filling a trench that the plaintiff work near an unfilled opening, an obvious falling hazard. The doctrine does not, as the Appellate Division majority mistakenly concluded, absolve a defendant of liability for the use of an avoidable dangerous condition or for failure to mitigate the danger, including as specifically provided by the Industrial Code, if preventive measures would not make it impossible to complete the work" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 321 [2024]).

Under this formulation of the doctrine, the Court finds that defendants did not meet their burden for summary judgment dismissing 23-1.7(e)(1). In this Court's view, defendants had to show that the failure to use the metal plank "would make it impossible to do the work" and that, therefore, the installation of this plank was integral to the demolition work. At best, the deposition of the Safway Atlantic, LLC ("Safway") foreman suggests that the use of the metal

**156271/2020   YAUCAN, FREDY vs. TIMES SQUARE HOTEL OWNER, LLC**
**Motion No.  003**

**Page 4 of 7**

[* 4]

plank was a common practice (NYSCEF Doc. No. 67 at 16). But nothing in that testimony from the Safway witness (who was the foreman for the carpenters at the site) compels the conclusion that the only way to move debris (the work Breeze was doing) was to include a raised metal plank on the wood ramp.

Defendants did not point to any other witness testimony (or even expert witness contentions) in support of their claim that the use of the metal plank was integral to the work in that it was the only way to safely construct the ramp at this job site. Therefore, the Court denies this branch of defendants' motion.

However, the Court severs and dismisses plaintiff's claim premised on 23-1.7(e)(2) as the metal plank does not constitute "dirt or debris," "scattered tools and materials," or a "sharp projection." It is therefore inapplicable to the accident as described by plaintiff.

**Labor Law § 200**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing

**156271/2020   YAUCAN, FREDY vs. TIMES SQUARE HOTEL OWNER, LLC**
**Motion No.  003**

**Page 5 of 7**

5 of 7

defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

Defendants contend that this accident involves the means and methods of the work and that plaintiff admitted that he only took direction from Breeze supervisors. They insist they exercised no supervision and control over plaintiff's work. Defendants also argue that even if this could be described as a dangerous condition case, they had no notice as the metal plate was purposefully installed by plaintiff's employer Breeze.

The Court grants this branch of defendants' motion as plaintiff failed to raise a material issue of fact in opposition. Plaintiff claims that there is an issue of fact concerning constructive notice but appears to cite to a deposition transcript from a completely separate case (NYSCEF Doc. No. 78, ¶ 15 ["Mr. Avellini, an officer of Kings, knew Kings, as owner, hired Precast to perform the concrete repair of the walls, knew the beams were lying parallel to the walls where they would obstruct the cement work, knew no one should walk on the beams, received a direct complaint, actual notice, from Rodriguez, and had the authority to stop unsafe work. See, Avellino Tr. 7, 9-10, 16, and 19, Exhibit G, NYSCEF# 31"]).

Plaintiff then asserts that Pavarini had the obligation to inspect the work but does not cite to any deposition testimony concerning this practice. Instead, he points to what seems to be language from a contract between the owner and Pavarini without including any specific citation, such as a NYSCEF Document Number, for this language (*id.* ¶ 16). As plaintiff did not make any other arguments with respect to the facts of this case for his Labor Law § 200 claim, the Court is compelled to grant this branch of defendants' motion.

**156271/2020   YAUCAN, FREDY vs. TIMES SQUARE HOTEL OWNER, LLC**
**Motion No.  003**

**Page 6 of 7**

**Summary**

The key question on this motion is whether the use of the metal plank was integral to the work being performed by Breeze, plaintiff's employer. Under the Court of Appeals' decision in *Bazdaric*, defendants had to show that, essentially, the use of the metal plank was required because there is no other way to construct the ramp. That the metal plank may be a common practice is not sufficient. The Court recognizes that defendants claimed in reply that *Bazdaric* is inapplicable because it only relates to slipping hazards (NYSCEF Doc. No. 81, ¶ 7). However, the First Department has applied the language set forth in *Bazdaric* to Labor Law cases involving the Industrial Code sections in dispute in this action (*see Lourenco v City of New York,* 228 AD3d 577, 580, 215 NYS3d 6 [1st Dept 2024] [discussing the integral to the work defense in the context of 23-1.7(e)(1) and (2)]).

The Court denies any claims by plaintiff for affirmative relief contained in his "Wherefore" paragraph as he did not properly cross-move for such relief.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted in all respects except to the extent that they sought dismissal of plaintiff's Labor Law claim premised on 23-1.7(e)(1).

| 4/29/2025 | | ARLENE P. BLUTH, J.S.C. |
|-----------|---|-------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156271/2020   YAUCAN, FREDY vs. TIMES SQUARE HOTEL OWNER, LLC**
**Motion No.  003**

**Page 7 of 7**

[* 7]