**Clarke v UWS Prop. Owner, LLC**

2026 NY Slip Op 31031(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 156214/2021

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. LYNN R. KOTLER      PART      08

*Justice*

------------------------------------------------------------X

MICHAEL CLARKE, YVONNE CLARKE,

            Plaintiffs,

- v -

UWS PROPERTY OWNER, LLC, BRAVO BUILDERS, LLC, CAULDWELL WINGATE COMAPNY, LLC,

            Defendants.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156214/2021 |
| MOTION DATE | 12/05/2025, 12/05/2025 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for          JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 81, 82

were read on this motion to/for          DISMISSAL         .

This labor law action arises from injuries sustained by plaintiff Michael Clarke on July 1, 2020, while working as a welder for non-party The Moore Group ("Moore") at a construction project located at 2505 Broadway in Manhattan (the "Premises"). Defendant UWS Property Owner, LLC ("UWS") owned the Premises and retained defendants Bravo Builders, LLC and Cauldwell Wingate Company, LLC, which merged in 2019 (together, "Cauldwell"), as the general contractors for a new residential construction project thereat. Moore was hired as the foundation and concrete subcontractor for the project. On the date of his accident, Clarke was working in the basement of the Premises cutting out rakers and walers—temporary structural support elements previously installed to support the basement excavation—which were no longer needed after the concrete foundation was poured. He was allegedly injured when a heavy, four-foot section of I-beam he had cut free fell from a height of approximately six feet, ricocheted off a piece of equipment, and struck him in the thigh/groin.

Clarke now moves pursuant to CPLR 3212 for partial summary judgment as to liability on his Labor Law § 240(1) claim (MOT SEQ 001). Defendants oppose the motion and separately move pursuant to CPLR 3212 for partial summary judgment dismissing Clarke's negligence and Labor Law §§ 200 and 241(6) claims (MOT SEQ 002), which motion is in turn opposed by Clarke. Clarke's motion is granted and defendants' motion is granted in part.

156214/2021 CLARKE, MICHAEL ET AL vs. UWS PROPERTY OWNER, LLC ET AL
Motion No. 001 002

Page 1 of 5

On a motion for summary judgment, the proponent bears the initial burden of making a prima facie showing that it is entitled to summary judgment as a matter of law, providing sufficient evidence that no material issues of triable fact exist (*see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 74 [2020]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once met, the burden shifts to the opposing party to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]).

### PLAINTIFF'S MOTION (MOT SEQ 001)

"'Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies'" (*Rivas v Seward Park Hous. Corp.*, 219 AD3d 59, 63-64 [1st Dept. 2023], quoting *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]). "'[T]he single decisive question [in this connection] is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (*id.* at 64, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). "This single decisive question 'center[s] around a core premise: that a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability'" (*id.*, quoting *Wilinski*, 18 NY3d at 7).

Clarke principally relies upon his deposition testimony that, while cutting out rakers and walers in the basement of the Premises, a heavy, four-foot section of I-beam he had cut free from a waler on the wall, which was not secured by any sort of hoist or rigging to hold it in place and/or control its descent, fell from a height of approximately six feet, ricocheted off a piece of equipment, and struck him in the thigh/groin. Clarke testified that Moore provided him all the equipment he used for this job, but that Moore did not provide a "chain fall"—a type of rigging/hoist—to hold the section of I-beam and prevent it from falling once it was cut free from the waler. Clarke further testified that he spoke to a Moore employee about the need for a chain fall to safely perform the work, that he had been instructed at a prior OSHA training that a chain fall was necessary when cutting steel at an elevation of six feet or more off the ground, and that he had previously used a chain fall, prior to his employment with Moore, when doing similar work to lower cut steel beams down to the ground in a controlled manner. This testimony is sufficient to demonstrate, *prima facie*, a violation of Labor Law § 240(1) (*see Linares v City of New York*, 209 AD3d 468, 469 [1st Dept. 2022]; *Hyatt v Queens W. Dev. Corp.*, 194 AD3d 548, 548-49 [1st Dept. 2021]; *Diaz v Raveh Realty, LLC*, 182 AD3d 515, 515–16 [1st Dept. 2020]; *Bonaerge v Leighton House Condominium*, 134 AD3d 648, 649 [1st Dept. 2015]; *see generally Fabrizi v 1095 Ave. of Americas, L.L.C.*, 22 NY3d 658, 662-63 [2014]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604-05 [2009]).

**156214/2021  CLARKE, MICHAEL ET AL vs. UWS PROPERTY OWNER, LLC ET AL**
**Motion No.  001 002**

**Page 2 of 5**

2 of 5

[* 2]

Defendants fail to raise a triable issue of fact in opposition. Defendants submit no evidence in support of their conclusory contention that safety devices were not needed to control the descent of the I-beam sections cut by Clarke. Their contention that Clarke was the sole proximate cause of his injuries is unavailing, as Clarke's injuries "were caused at least in part by the lack of safety devices to check the beam's descent" and "comparative negligence is no defense to [a] Labor Law § 240(1) claim" (*Bonaerge*, 134 AD3d at 649-50). Similarly, it is immaterial whether, as defendants contend, it could not have been anticipated that the subject I-beam would ricochet off an adjacent piece of equipment and strike Clarke. It was indisputably expected that the subject section of I-beam would fall after Clarke cut it free from the waler, and Clarke's unrebutted testimony suffices to establish that "statutorily enumerated safety devices could have prevented the accident" by securing the beam in place and/or controlling its descent (*id.* at 649; *see Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 499-500 [1st Dept. 2015]).

Therefore, Clarke's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim is granted.

## DEFENDANTS' MOTION (MOT SEQ 002)
### A. Labor Law § 200 & Common-Law Negligence

Defendants establish their *prima facie* entitlement to summary judgment dismissing Clarke's Labor Law § 200 and common-law negligence claims, which relate to alleged defects or dangers arising from the means and methods of Clarke's work for Moore at the Premises, via the submission of the parties' deposition transcripts, which demonstrate that defendants did not supervise, direct, or control Clarke's work (*see Singh v 1221 Ave. Holdings, LLC*, 127 AD3d 607, 608 [1st Dept. 2015]; *Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept. 2013]; *Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 381 [1st Dept. 2007]; *Hughes v Tishman Const. Corp.*, 40 AD3d 305, 306 [1st Dept. 2007]). Clarke, in opposition, fails to raise a triable issue of fact.

Clarke submits no evidence to demonstrate that defendants exercised supervision and control over his work. His argument that defendants regularly inspected the job site and had the authority to stop the work of subcontractors is unavailing. "Regular inspection of the site to ensure that work is progressing according to schedule or the authority to stop any work perceived to be unsafe constitutes a general level of supervision that is not sufficient to warrant holding defendants liable under Labor Law § 200 [or common-law negligence]" (*Singh*, 127 AD3d at 608). Nor does Clarke submit evidence to support his contention that he complained to Cauldwell employees about the lack of a chain fall and/or requested that Cauldwell provide him one. Indeed, this contention is contrary to the evidence submitted, including Clarke's own deposition testimony, which establishes that Moore alone provided Clarke with his work equipment and that Clarke discussed the need for a chain fall only with other Moore employees.

156214/2021   CLARKE, MICHAEL ET AL vs. UWS PROPERTY OWNER, LLC ET AL          Page 3 of 5
Motion No. 001 002

3 of 5

Therefore, defendants' motion is granted to the extent that it seeks summary judgment dismissing Clarke's Labor Law § 200 and common-law negligence claims.

### B. Labor Law § 241(6)

Labor Law § 241(6) imposes a non-delegable duty on contractors and owners to ensure that "[a]ll areas in which construction, excavation or demolition work is being performed" is "so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein . . . ." The scope of the duty imposed by Labor Law § 241(6) is defined by the safety rules set forth in the Industrial Code (*see Garcia v 225 E. 57th Owners, Inc.*, 96 AD3d 88, 91 [1st Dept. 2012], citing *Ross*, 81 NY2d at 501-02). Thus, to establish liability under this provision, a plaintiff must "specifically plead and prove the violation of an applicable Industrial Code regulation" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept. 2007]).

Clarke's Supplemental Verified Bill of Particulars, dated December 13, 2023, alleges violations of Industrial Code sections 23-1.4, 23-1.5, 23-1.7, 23-1.17, 23-1.19, 23-1.25, 23-1.30, 23-1.33, 23-2.3, 23-2.6, and 23-6.2. However, with the sole exception of 12 NYCRR 23-1.25(d), Clarke's opposition fails to respond to defendants' arguments that these various Industrial Code sections are inapplicable or were not violated. As such, except for 12 NYCRR 23-1.25(d), Clarke is deemed to have abandoned reliance on all the Industrial Code sections referenced in his Supplemental Verified Bill of Particulars (*see Linares v Massachusetts Mut. Life Ins. Co.*, 225 AD3d 520, 521 [1st Dept. 2024]; *Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept. 2012]).

Section 23-1.25(d) requires, as relevant here, that workers engaged in welding or flame-cutting "shall be provided where necessary with proper scaffolds[.]" Defendants do not demonstrate that they did not violate this regulation or that it is inapplicable to the facts of this case. It is undisputed that Clarke was engaged in welding or flame-cutting at the time of his accident and that he was not provided with a scaffold while conducting this work. Further, there is a question of fact as to whether a scaffold should have been provided to prevent the subject I-beam from falling once cut free, and whether the failure to provide such a scaffold was a proximate cause of Clarke's injuries. Therefore, defendants' motion is denied to the extent it seeks summary judgment dismissing the Labor Law § 241(6) claim insofar as predicated upon an alleged violation of 12 NYCRR 23-1.25(d).

In addition to maintaining his reliance on 12 NYCRR 23-1.25(d), Clarke also, for the first time in his opposition, alleges violations of the following Industrial Code sections as predicates for his Labor Law § 241(6) claim: 23-2.1(b), 23-3.3(c), and 23-3.3(e)(2). However, 23-2.1(b) "'does not sufficiently set forth a specific standard of conduct as opposed to a general reiteration of common-law principles for its violation to qualify as a predicate for a Labor Law § 241(6) cause of action'" (*Quinlan v City of New York*, 293 AD2d 262, 263 [1st Dept. 2002], quoting

**156214/2021  CLARKE, MICHAEL ET AL vs. UWS PROPERTY OWNER, LLC ET AL**      **Page 4 of 5**
**Motion No. 001 002**

4 of 5

[* 4]

*Mendoza v Marche Libre Assocs.*, 256 AD2d 133, 133 [1st Dept. 1998]; *see Dyszkiewicz v City of New York*, 218 AD3d 546, 548–49 [2nd Dept. 2023]).

As for 23-3.3(c) and (e)(2), these sections are inapplicable to the facts of this case. Section 23-3.3(c) requires continuing inspections during ongoing demolition work to detect, as relevant here, "loosened material." This does not, however, "encompass material which is being loosened deliberately" (*Garcia v 225 E. 57th St. Owners, Inc.*, 96 AD3d 88, 92 [1st Dept. 2012]), and is thus inapplicable where, as here, "[t]he hazard which injured the plaintiff was the actual performance of the demolition work, not structural instability caused by the progress of the demolition" (*Campoverde v Bruckner Plaza Assocs., L.P.*, 50 AD3d 836, 837 [2nd Dept. 2008]). Section 23-3.3(e)(2) is likewise inapplicable, "as that regulation requires buckets and hoists to be used in the removal of demolition debris from the interior of structures, not in the removal of material from its original place in a wall or ceiling" (*id.*; *see also Freitas v New York City Transit Auth.*, 249 AD2d 184, 185 [1st Dept. 1998]; *Dyszkiewicz*, 218 AD3d at 550).

Accordingly, it is

ORDERED that plaintiffs' motion pursuant to CPLR 3212 for partial summary judgment as to liability on their Labor Law § 240(1) claim (MOT SEQ 001) is granted; and it is further

ORDERED that the branch of defendants' motion pursuant to CPLR 3212 for partial summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims (MOT SEQ 002) is granted; and it is further

ORDERED that the branch of defendants' motion pursuant to CPLR 3212 for partial summary judgment dismissing plaintiffs' Labor Law § 241(6) claim (MOT SEQ 002) is granted except to the extent that the claim is predicated upon an alleged violation of 12 NYCRR 23-1.25(d); and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

| 3/17/2026 | |
| --- | --- |
| DATE | LYNN R. KOTLER, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

156214/2021   CLARKE, MICHAEL ET AL vs. UWS PROPERTY OWNER, LLC ET AL
Motion No.  001 002

Page 5 of 5

5 of 5