■ ANTHONY PEPE et al., Plaintiffs, v CENTER FOR JEWISH HISTORY, INC., et al., Defendants. THE CENTER FOR JEWISH HISTORY, INC., Third-Party Plaintiff-Respondent, v D'APRILE INC., Third-Party Defendant-Appellant, et al, Third-Party Defendants. [873 NYS2d 571]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 28, 2008, which, in an action under the Labor Law for personal injuries, after granting plaintiff's motion for summary judgment on his Labor Law § 240 (1) cause of action against the building owner (the Center for Jewish History, Inc. [CJH]), insofar as appealed from, denied the motion of third-party defendant-appellant masonry subcontractor (D'Aprile) for summary judgment dismissing CJH's third-party claim against it for contractual indemnification, unanimously reversed, on the law, without costs, D'Aprile's motion granted, and CJH's third-party claim against D'Aprile for contractual indemnification dismissed.

Plaintiff, an employee of the general contractor, was assigned on the day of the accident to clear debris from the roof. It appears that a ramp connecting the roof to the exterior elevator had been removed, and that in order to access the roof, plaintiff hopped over the parapet wall that D'Aprile was then in the process of constructing, landing on unsecured plywood planking covering a hole in the roof, and falling through with resulting injury. D'Aprile's subcontract, which required it to construct the parapet wall on the building's facade and was performed entirely by use of scaffolds, did not require access to or work on the roof, and did not impose a duty to provide plaintiff with a safe means of accessing the roof. The motion court found that no issues of fact exist as to either D'Aprile's nonnegligent performance of its contract or its lack of any involvement in the creation of the hole on the roof or the installation or maintenance of the plywood covering the hole. It did find, however, that an issue of fact exists as to whether the removal of the ramp was a necessary step in D'Aprile's erection of the parapet wall, and, as a consequence, that an issue of fact exists as whether the accident "arose out of" or "in connection with" D'Aprile's work within the meaning of the broad indemnifica-

tion clause in D'Aprile's subcontract on which CJH relies. We disagree. The connection between plaintiff's accident and the mere existence of the partially constructed wall where the ramp formerly had been is too tenuous to trigger the indemnification clause (*see Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 415-416 [2008]). A contrary conclusion is not required by the clause in D'Aprile's subcontract authorizing it to disturb any existing structures if necessary to do its masonry work. Even if D'Aprile did remove the ramp in order to perform its work—and there is no evidence that it did—and even if removal of the ramp and location of the commencement of the erection of the wall forced plaintiff to climb over the wall in a place that put him close to the hole, plaintiff was not performing work that was even remotely related to D'Aprile's masonry work, and the ramp was neither an instrumentality for which D'Aprile was responsible nor a tool or material supplied by or needed by D'Aprile to perform its work (*cf. Balbuena v New York Stock Exch., Inc.*, 49 AD3d 374, 376 [2008]; *Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 271-273 [2007], citing inter alia *Torres v Morse Diesel Intl., Inc.*, 14 AD3d 401 [2005]). In short, plaintiff was injured not because the ramp had been removed, but because someone had removed the secure covering over the hole that everyone, including plaintiff, thought was still in place, and replaced it with a flimsy, unsecured piece of plywood. We have considered CJH's remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ. [*See* 19 Misc 3d 1130(A), 2008 NY Slip Op 50950(U).]