■ GARY VIDOR, Appellant, v 6 JONES STREET ASSOCIATES, LLC, et al., Respondents. [924 NYS2d 387]—

Order, Supreme Court, New York County (O. Peter Sherwood,

J.), entered on or about December 10, 2010, which, in this action for personal injuries allegedly sustained when plaintiff slipped and fell on loose, ungrouted tiles in the foyer of defendants' building, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Defendants established their entitlement to judgment as a matter of law by showing that they lacked constructive notice of any defect in the entryway tiles. Defendants presented the testimony of the building's superintendent who stated that he cleaned and inspected the area of the floor on which plaintiff fell and did not observe any loose tiles, and that he had not received complaints about such condition (see Smith v Costco Wholesale Corp., 50 AD3d 499, 500-501 [2008]).

In opposition, plaintiff presented his testimony that he observed that the tiles were loose and ungrouted when he arrived at the building the prior afternoon at approximately the same time that the superintendent testified that he last inspected the floor. Furthermore, plaintiff's daughter stated that she observed the subject tiles, that they were unsecured because the tile grout was deteriorated and that she was able lift the tiles off the floor and saw dirt and debris underneath them. Under the circumstances, plaintiff's opposition sufficiently raised a triable issue of fact as to whether the defect was visible and apparent and existed for a sufficient period of time to permit defendants to discover and remedy the condition prior to the accident (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Alexander v New York City Tr., 34 AD3d 312, 313-314 [2006]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ.