Guillermo Picaso, Respondent, v 345 East 73 Owners Corp. et al., Defendants/Third-Party Plaintiffs-Respondents. Tower Building Services, Inc., Third-Party Defendant-Appellant. [956 NYS2d 27]—

Plaintiff's Labor Law § 200 and common-law negligence claims should not be dismissed since defendants failed to demonstrate that they lacked notice of a hazardous condition that allegedly caused plaintiff to trip and fall on a staircase in the building they owned and managed (see Griffin v New York City Tr. Auth., 16 AD3d 202 [1st Dept 2005]). A manager for defendant owners corporation testified that he performed daily inspections of staircases in the building to determine whether there were any defects requiring repairs. In light of these regular inspections and plaintiff's testimony that he noticed the defective condition of the step two weeks before the accident occurred, triable issues of fact exist whether defendants had constructive notice of the condition (see Vidor v 6 Jones St. Assoc., LLC, 85 AD3d 449 [1st Dept 2011]).

Tower may not be held liable for common-law indemnification of defendants since plaintiff does not allege, nor does his bill of particulars evince, a "grave injury" within the meaning of Workers' Compensation Law § 11 (see Meis v ELO Org., 97 NY2d 714 [2002]).

Contrary to defendants' contention, the contractual indemnification provision on which they rely contains no language limiting indemnification to damages arising from accidents caused by Tower's negligence, or precluding indemnification for damages caused by their own negligence (see Hernandez v Argo Corp., 95 AD3d 782, 783-784 [1st Dept 2012]). Thus, if it is found that plaintiff's injuries are attributable to any negligence on their part, enforcement of the indemnification provision will be barred by General Obligations Law § 5-322.1 (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786 [1997]), and the conditional grant of summary judgment to defendants on their contractual indemnification claim against Tower is premature (compare Colozzo v National Ctr. Found., Inc., 30 AD3d 251 [1st Dept 2006]; Aarons v 401 Hotel, L.P., 12 AD3d 293, 294 [1st Dept 2004]). Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.