Basile v Legacy Yards Tenant LP (2022 NY Slip Op 03312)

Basile v Legacy Yards Tenant LP

2022 NY Slip Op 03312

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 

Index No. 154171/17 Appeal No. 15968 Case No. 2021-04464 

[*1]Michael Basile, Plaintiff,
v
Legacy Yards Tenant LP formerly known as Legacy Yards Tenant, LLC, Defendant-Appellant-Respondent, Enclos Corp, Defendant-Respondent-Appellant.

London Fischer LLP, New York (Stephenie Lannigan Bross of counsel), for appellant-respondent.
Law Office of James J. Toomey, New York (James J. Toomey, Jr. of counsel), for respondent-appellant.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered July 1, 2021, which, to the extent appealed from as limited by the briefs, denied defendant Legacy Yards Tenant LP's motion for summary judgment on its claim for contractual indemnity against defendant Enclos Corp. and denied Enclos's motion for summary dismissal of that claim, unanimously modified, on the law, to grant Enclos's motion for summary dismissal of the contractual indemnity claim, and otherwise affirmed, without costs.
Plaintiff, an employee of nonparty construction manager, Tutor Perini, was on his way to review work being performed by Enclos, the curtain wall subcontractor, when he tripped over a sheet of unsecured plywood in a passageway. The origin of the plywood is unknown, although there is testimony indicating that such a condition, if it had been seen, would be remedied by carpenters employed by the construction manager. Further, the record establishes that Enclos was not working in the passageway. In light of these facts, plaintiff's claim did not arise "in connection with" the "performance (or lack of performance) of the [w]ork" of Enclos so as to trigger the indemnity clause in Enclos's contract with the executive construction manager in favor of Legacy Yards (see DeGidio v City of New York, 176 AD3d 452, 454 [1st Dept 2019], lv dismissed and denied 35 NY3d 963 [2020]; Pepe v Center for Jewish History, Inc., 59 AD3d 277 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022