**Stewart v JMDH Real Estate Offs., LLC**

2024 NY Slip Op 34166(U)

November 26, 2024

Supreme Court, New York County

Docket Number: Index No. 159073/2020

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. SABRINA KRAUS**                PART                    57M

*Justice*

---------------------------------------------------------------------------X

MAX STEWART,                                    INDEX NO.        159073/2020

                        Plaintiff,              MOTION DATE      06/26/2024

        - v -                                   MOTION SEQ. NO.  001 002 003

JMDH REAL ESTATE OFFICES, LLC, JETRO HOLDINGS,
LLC, BARR & BARR, INC.,                         **DECISION + ORDER ON**
                                                **MOTION**
                        Defendants.

---------------------------------------------------------------------------X

JMDH REAL ESTATE OFFICES, LLC, JETRO HOLDINGS,        Third-Party
LLC, BARR & BARR, INC.                          Index No.  595629/2021

                        Plaintiffs,

                        -against-

CAPITOL FIRE SPRINKLER CO., INC., CONSTRUCTION
RESOURCES CORP. OF NEW YORK

                        Defendants.
---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 118, 126, 129, 137, 138, 141, 142, 155, 156

were read on this motion to/for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 120, 121, 122, 123, 124, 125, 127, 130, 131, 133, 134, 135, 136, 139, 140, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 157, 158, 159, 160, 161, 162

were read on this motion to/for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 119, 128, 132, 143, 144

were read on this motion to/for                    SUMMARY JUDGMENT                    .

[* 1]

## BACKGROUND

On October 25, 2019, Plaintiff was employed by Capitol Fire Sprinkler Co. Inc. ("Capitol"), working at a construction project located at 17-22 Whitestone Expressway, Whitestone, New York ("the Project"). Barr & Barr, Inc. ("Barr") hired Capitol to install fire protection sprinkler systems at the premises.

Jetro Holdings, LLC ("Jetro") is a grocery distribution warehouse company with many locations each of which is typically held in separate entities. JMDH Real Estate Offices, LLC ("JMDH"), was formed to be the deed owner of the subject premises.

Construction Resources Corp. of New York ("CRNY") is a union paymaster that dispatches union workers to job sites, in this case, on behalf of Barr.

Plaintiff alleges that while exiting the fire pump room, where Capitol stored its materials, he was caused to trip and fall over a piece of unsecured Masonite board on the floor outside of the doorway to the fire pump room. Plaintiff was injured when he was attempting to carry an eight to ten foot long, two and a half inch pipe from the first floor fire pump room to another location where it was going to be cut and fitted for installation.

## PENDING MOTIONS

On July 24, 2024: Capitol moved for an order dismissing Plaintiff 's claims pursuant to Labor Law §241(6); dismissing JMDH's, LLC, Jetro Holdings, LLC ("Jetro") and Barr's Third-Party Complaint as to Capitol; and dismissing all crossclaims against Capitol (Mo Seq 1); and JMDH, Jetro and Barrr moved for summary judgment on their contractual indemnification claims and breach of contract claims against Capitol and CRNY, an order granting them common law indemnity, an order dismissing Plaintiff's complaint and related relief (Mo Seq 2); and; Plaintiff cross-moved for an order granting plaintiff summary judgment on its Labor Law

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC
Motion No.  001 002 003

Page 2 of 12

[* 2]

2 of 12

241(6), 200 and common law negligence claims; and CRNY moved for an order seeking dismissal of the third-party complaint as well as cross claims asserted against it (Mo Seq 3).

On September 23, 2024, the motions were fully briefed. On November 25, 2024, the Court heard oral argument and reserved decision. The motions are consolidated herein and determined as set forth below.

## DISCUSSION

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

## The §241(6) Claim

It is well-established that a plaintiff proceeding under Labor Law § 241(6) must adequately allege that a defendant has violated a regulation containing specific directives and standards promulgated by the Industrial Board of Appeals, as opposed to one that merely incorporates general common law standards of care. *See, e.g., Ross v. Curtis-Palmer Hydro-Electric Co.*, 81 N.Y.2d 494, 502-503 (1993); *White v. Sperry Supply and Warehouse, Inc.*, 225 A.D.2d 130 (3rd Dep't 1996). To assert a viable cause of action against an owner or contractor

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC
Motion No. 001 002 003

Page 3 of 12

3 of 12

pursuant to § 241(6), a plaintiff must refer to a violation of a specific standard set forth in Industrial Code regulations contained in 12 NYCRR part 23. *See Colucci v. Equitable Life Assurance Society*, 218 A.D.2d 513 (1st Dep't 1995).

Plaintiff has alleged violations of the following Industrial Code provisions in his Bill of Particulars: 23-1.5(a)-(c), 23-1.7(d), 23-1.7(e)(1) and (e)(2), 23-1.29(a), and 23-2.1(a)-(b). However, in his motion papers Plaintiff does not oppose dismissal of the claims predicated on any sections other than 23-1.7(e)(1), 23-1.7(e)(2) and 23-1.5(c)(3). Therefore, the part of the claim based on the other sections is dismissed.

Section 23-1.5(c)(3) provides:

All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged.

*N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.5.* The claim based on this section is also dismissed as it is not applicable to the facts alleged herein which do not relate to safety devices safeguards or damaged equipment.

Sections 23-1.7(e)(1) and (e)(2) deal with tripping and other hazards in passageways and working areas respectively. They read as follows:

e) Tripping and other hazards.

(1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.7

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC                    Page 4 of 12
Motion No.  001 002 003

4 of 12

Defendants argue that since the Masonite board was purposely placed as a protective covering during construction, it cannot constitute "debris" or any other obstruction listed in Section 23-1.7(e)(2) citing *Thomas v. Goldman Sachs Headquarters, LLC*, 109 A.D.3d 421, 422 (1st Dep't 2013) and *Stier v. One Bryant Park LLC*, 113 A.D.3d 551, 552 (1st Dep't 2014). The Court agrees that Section 23-1.7(e)(2) is inapplicable here based on the cited authority.

Defendants further argue that the Masonite Board Plaintiff tripped was an integral part of the construction, purposely placed to protect the flooring, and therefore cannot support a Labor Law w §241(6) claim predicated on an alleged violation of Sections 23-1.7(e)(1) of the Industrial Code citing *Krzyzanowski v. City of New York*, 179 A.D.3d 479, 480-81 (1st Dep't 2020).

Plaintiff counters that, based on a relatively recent decision issued by the Court of Appeals, *Bazdaric v Almah Partners LLC* 41 NY3d 310 (2024), the covering meant to protect the floor was not integral to the work being performed. In *Bazdaric*, plaintiff slipped on a plastic covering on an escalator in an area he was assigned to paint. The plastic covering was placed to protect the escalator from the paint. The Court held:

> … (S)tanding on a stopped escalator while painting required that the steps be covered to prevent the paint from falling on the escalator machinery and potentially damaging the escalator, and also to prevent the work area from becoming slippery and thus hazardous to (plaintiff) or any other worker who needed to walk on the steps. Thus, the use of some cover was integral to (plaintiff's) assignment to paint around the escalator. But that does not mean that any cover used—even one that was inherently slippery—was necessarily "integral," particularly where a safer alternative would have accomplished the same goal. The plastic covering that was placed on the escalator was not integral to the paint job because it made (plaintiff's) work area slippery, creating one of the hazards that the cover was intended to avoid. Contrary to defendants' and the Appellate Division majority's view, this was not merely a poor choice of material but an inherently dangerous one. Defendant was in a position to avoid this danger because … there were alternative coverings—drop cloths and wood panels—that were familiar, previously-used options that would have achieved the goal of protecting the worker from injuries caused by a slipping hazard and also protected the escalator from possible damage. A contrary holding would absolve employers of liability for using any means of accomplishing a

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC
Motion No.  001 002 003

Page 5 of 12

5 of 12

[* 5]

task, even if it is the most dangerous. This distorted interpretation finds no support in the Industrial Code or our case law.

*Bazdaric v. Almah Partners LLC*, 41 N.Y.3d 310, 321 (2024).

In the case at bar, plaintiff cites to no evidence in the record that the Masonite board was an improper covering to protect the floor or that there were other better ways to protect the floor that had been used previously. Thus, the Court finds that *Bazdaric* is distinguishable from the case at bar based on these facts. Therefore, Defendants' motion for summary judgment dismissing the 241(6) claims is granted and Plaintiff's cross-motion for summary judgment is denied.

### The § 200 Claim & Common Law Negligence

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction workers with a safe place to work. *Lin v. Holy Family Monuments*, 18 A.D.3d 800 (2d Dep't. 2005).

A party "may be liable under the common law or Labor Law § 200 for a dangerous condition arising from either the condition of the premises or the means and methods of the work." *Maggio v. 24 W. 57 APF, LLC*, 134 A.D.3d 621, 626 (1st Dep't 2015) quoting *Cappabianca v. Skanska USA Bldg., Inc.*, 99 A.D.3d 139, 143-44 (1st Dep't 2012). Liability can be established for an injury arising from the means and methods of the work if the owner exercised supervisory control over the work or where a dangerous condition on the premises caused the accident, if the owner created the condition or had actual or constructive notice of it *Id*. at 626.

The Court finds that neither party made a *prima facie* showing of summary judgment and there are questions of fact precluding an award of summary judgment to the parties on this claim.

**159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC                    Page 6 of 12**
**Motion No.  001 002 003**

Plaintiff submits a photograph depicting the defect which he alleges caused the injury. Defendants fail to make any claim as to when the area was last inspected.

Plaintiff argues that Barr created the condition. Plaintiff alleges that Barr was responsible for providing the Masonite boards and laying them down on the floor and that once laid down on the floor, the Masonite would be secured together and at the edges by duct tape. After the Masonite was laid down, Barr would check to make sure it was secured properly. These allegations are disputed.

Mr. Santorufo, Barr's foreman, testified that if he observed a piece that was not secured and appeared to be a tripping hazard, he would direct someone to secure it. When shown the photograph of the raised and unsecured Masonite board, Mr. Santorufo conceded that it presented a potential tripping hazard and that if he observed it, he would have directed one of the Barr laborers to secure it to the ground.

Mr. Brownell, Barr's safety director, when shown the same photograph of the raised and unsecured Masonite board that Plaintiff tripped over, admitted that he considered it a tripping hazard and that if observed such a condition he would discuss it with his superintendent and would expect the superintendent would direct one of the laborers to remedy the situation.

Thus, the Court finds there are questions of fact as to whether defendants created the condition and whether they knew or should have known of it prior to the accident. Based on the foregoing, the parties' respective motions for summary judgment on this claim are denied.

Additionally, Plaintiff's cross-motion seeking dismissal of unidentified affirmative defenses is also denied. Plaintiff's moving papers seek dismissal of "all affirmative defenses alleging comparative fault and culpable conduct on the part of Plaintiff". However, Plaintiff's moving papers failed to specify with particularity which affirmative defenses in which pleadings

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC
Motion No.  001 002 003

Page 7 of 12

are sought to be dismissed. It is not for the court to determine on plaintiff's behalf which affirmative defenses in which pleadings are encompassed by this request for relief. Based on the foregoing the Court finds Plaintiff has failed to make a *prima facie* showing of entitlement to dismissal of the insufficiently identified affirmative defenses.

### Capitol's Motion for Summary Judgment

JMDH, Jetro, and Barr ("Third-Party Plaintiffs") filed a Third-Party Summons and Complaint against Capitol alleging causes of action sounding in contractual indemnification, common-law indemnification, contribution and apportionment, and failure to procure insurance coverage.

As noted above, on the date of the accident, Plaintiff was employed as a mechanic for Capitol, a company that designs and installs fire sprinkler systems, inspects systems, and gets building sprinkler systems up to code. Capitol installed sprinklers in both the office building and the parking structure.

Pursuant to its contract with JMDH, Barr entered a subcontract with Capitol, wherein Capitol agreed to provide fire protection work at the subject premises.

Article 21 of the contract states in relevant part:

To the fullest extent permitted by law, the Subcontractor shall defend, indemnify and hold harmless the owner, Architect Construction Manager and all other additional insureds referred to in the Insurance Coverage provisions hereof (collective, the "Indemnitees") from and against any and all claims, losses, costs, injuries, damages and expenses, including reasonable attorneys' fees brought or assumed against any of the Indemnities by any person or firm, arising out of or in connection with or as a result of or consequence of the performance of the Work of the Subcontractor under this Agreement, or any additional work, extra work, or addon work, whether or not caused in whole or in part by the Subcontractor or any person or entity employed, either directly or indirectly, by the Subcontractor including any subcontractors thereof and their employees. The parties expressly agree that this indemnification agreement contemplates: 1) full indemnity in the event of liability imposed against an Indemnitee without negligence and solely by reason of statute, operation of law or otherwise; and 2) partial indemnity in the event of any actual negligence on the part of an Indemnitee either causing or contributing

**159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC**
**Motion No.  001 002 003**

**Page 8 of 12**

[* 8]

to the underlying claim in which case, indemnification will be limited to any liability imposed over and above that percentage attributable to actual fault. Under no circumstance shall this Agreement be interpreted to require Subcontractor to indemnify any one Indemnitee for that Indemnitee's own negligence or wrongdoing. Where partial indemnity is provided under this Agreement, costs, professional fees, attorneys' fees, expenses, disbursements, etc. shall be indemnified on a pro rata basis. Indemnification under this paragraph shall operate whether or not Subcontractor has placed and maintained the insurance specified in this Agreement. Attorneys' fees, court costs, expenses and disbursements shall be defined to include those fees, costs, etc. incurred in defending the underlying claim and those fees, costs, etc. incurred in connection with the enforcement of this indemnity agreement.

Generally, a claim for contractual indemnification should be dismissed where the incident did not arise out of the work performed by the indemnitor. *See DeGidio v. City of New York*, 176 A.D.3d 452, 454 (1st Dep't 2019); *see also Pepe v. Center for Jewish History, Inc.*, 59 A.D.3d 277, 278 (1st Dep't 2009).

In a recent decision with similar facts, *Sternkopf v. 395 Hudson New York, LLC*, 2024 WL 2333662 (1st Dep't 2024), plaintiff worked for third-party defendant, Par Fire, which was responsible for installing sprinklers at a construction site. As plaintiff was walking in a hallway at the construction site, he slipped on a piece of discarded carpeting and was caused to fall and sustain injuries. The First Department held that the plaintiff's employer was not required to indemnify the general contractor because the incident, which was caused by the discarded piece of carpet, did not arise out of the employer's sprinkler work. *Id.* at 2. Therefore, the indemnification provision was not triggered. *Id.* at 2.

The court finds this case, and *Basile v. Legacy Yards Tenant LP*, 205 A.D.3d 531, 531 (1st Dept. 2022), also relied on by Capitol, to be distinguishable from the case at bar because here Plaintiff was actually in the process of doing his work when he tripped on the Masonite board and the Masonite board, as held above, was integral to the work being performed. Plaintiff, an employee of Capitol was injured when he was attempting to carry an eight to ten

foot long, two-and-a-half-inch pipe from the first-floor fire pump room to another location where it was going to be cut and fitted for installation. Plaintiff's accident arose in connection with Capitol's work.

However, given that the only remaining claims are for common law negligence and Labor Law 200, Barr can only be liable if it is found to have been negligent and would not be entitled to contractual or common law indemnity in the event of such a finding.

The purported dangerous condition, which was an allegedly unsecured piece of Masonite board, was created by Barr and Barr had the responsibility for that Masonite. Therefore, Third-Party Plaintiffs' motion for indemnification from Capitol should be denied and all claims against Capitol should be dismissed.

Additionally, Third-Party Plaintiffs' claims for common-law contribution and indemnification and the cross-claims of CRNY cannot be sustained against Capitol. Here, Plaintiff's Verified Bills of Particulars and Supplemental Bills of Particulars do not allege a "grave injury" as narrowly defined in Workers' Compensation Law § 11 for which Capitol, as Plaintiff's employer, may be liable to third parties for common-law contribution or indemnification. *See Meis v. ELO Organization, LLC*, 97 N.Y.2d 714 (2002); *Castro v. United Container Machinery Group, Inc*., 96 N.Y.2d 398 (2001); *Picaso v. 345 East 73 Owners Corp*., 101 A.D.3d 511 (1st Dep't 2012). Third-Party Plaintiffs have not opposed this aspect of Capitol's motion, and CRNY has not opposed Capitol's motion at all.

### CRNY's Motion

A party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on their own part. *McCarthy v. Turner Const., Inc*., 17 N.Y.3d 369 (2011). To establish a claim for common-law

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC
Motion No.  001 002 003

Page 10 of 12

10 of 12

indemnification, the record must show the third-party plaintiffs are not negligent and the indemnitor was responsible for the negligence that contributed to the accident, or in the absence of any negligence, the proposed indemnitor had the authority to direct, supervise, and control the work giving rise to the injury. *Benedetto v. Carrera Realty Corp*., 32 A.D.3d 874, 875 (2nd Dep't 2006). "The critical requirement … is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Nassau Roofing v. Dev Corp*., 71 N.Y.2d 599, 603 (1988).

Therefore, a claim of contribution may only be asserted if there has been a breach of a duty that runs from the contributor to the defendant who has been held liable. *Raquet v. Braun*, 90 N.Y.2d 177, 182 (2nd Dept. 1997). There is some evidence in the record Barr was potentially negligent. The record established that Santorufo was Barr's superintendent and he testified that Barr was solely responsible for safety at the worksite. The evidence is that Castelli, Barr's supervisor, directed Barr's laborers to place the Masonite board that Plaintiff claims he tripped over. There is no evidence that CRNY was negligent.

Barr's claims for contractual and common-law indemnification, contribution, and the failure to procure insurance cannot be sustained as a matter of law. The express language of the contractual indemnification provision states that the Plaintiff's claim should arise out of and in connection with or as a result of the performance of CRNY's work under the Agreement with Barr. CRNY is entitled to summary judgment dismissing Barr's third-party claims because there is no evidence that CRNY performed work, controlled laborers or provided materials employed at the project.

As the injury causing activity arose solely out of Barr's work there is no basis for sustaining the claims of JDMH and Barr for contractual indemnification from CRNY. Nor is

159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC                    Page 11 of 12
Motion No.  001 002 003

11 of 12

[* 11]

there a basis for sustaining a claim by any party for common-law indemnification or contribution since the record contains evidence that it may have been Barr's negligence that caused the accident, and the facts and law show CRNY was not negligent.

As a result, the claim for failure to procure insurance is rendered academic and is dismissed. Accordingly, the Third-Party Complaint and Crossclaims as asserted against CRNY cannot be sustained as a matter of law and are dismissed.

## CONCLUSION

WHEREFORE it is hereby:

ORDERED that Motion Sequence No 1 is granted in its entirety and all claims against Capitol Fire Sprinkler Co are dismissed and the clerk shall enter judgment accordingly; and it is further

ORDERED that plaintiff's cross-motion is denied in its entirety; and it is further

ORDERED that Motion Seq No 2 except as to dismissal of Plaintiff's Labor Law 241(6) claims; and it is further

ORDERED that Motion Seq No. 3 is granted in its entirety and all claims against Construction Resources Corp are dismissed and judgment shall be entered accordingly.

This constitutes the decision and order of the Court.

202411261444427SBKRAUS7006450B9CEF4A4F98A129317E086D2F

| **11/26/2024** | | | | | |
| **DATE** | | | | **SABRINA KRAUS, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159073/2020   STEWART, MAX vs. JMDH REAL ESTATE OFFICES, LLC**                    **Page 12 of 12**
**Motion No.  001 002 003**